**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| S.A.R.L. Aquatonic - Laboratoires PBE, | ) ) ) | No. CV 06-640-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Marie Katelle, Inc., | ) ) | |
| Defendant. | ) ) ) | |

The court has before it plaintiff's motion for entry of judgment (doc. 48) and notice of lodging of proposed judgment (doc. 49), defendant's response (doc. 50), plaintiff's reply (doc. 51) and amended notice of lodging of proposed judgment (doc. 52), and defendant's objection to proposed form of judgment (doc. 53).

On May 31, 2007, we granted plaintiff's motion for summary judgment. The motion requested enforcement of a French judgment in the amount of 414,000 Euros, entered against defendant by a French court. May 31, 2007 Order (doc. 44). Here, plaintiff moves for entry of judgment on our order granting plaintiff's motion, and argues that the judgment should take a particular form.

Plaintiff first claims prejudgment interest. Motion for Entry of Judgment at 2. "Substantive state law determines the rate of prejudgment interest in diversity actions." Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1332 (9th Cir. 1995).

Plaintiff contends that it is entitled to an interest rate of 10% on the French judgment pursuant to A.R.S. § 44-1201. Motion for Entry of Judgment at 2.

Plaintiff's damages in the French judgment were determined by application of French substantive law, pursuant to the express terms of the parties' contract. See Motion for Summary Judgment at 3. We are persuaded that "[i]nterest, as an element of damages," is also a matter of substantive law. Silver v. Nelson, 610 F. Supp. 505, 524 (D. La. 1985). As a result, whether plaintiff is entitled to interest, and, if so, at what rate, are issues determined by Arizona's conflict of laws doctrine. See Restatement (Third) of the Foreign Relations Laws of the United States (1987) ("Restatement of Foreign Relations Laws") § 832(e) ("The date for commencement of interest on an obligation or judgment is determined by the law of the forum, including its rules on choice of law.").

"When analyzing conflict of laws problems, Arizona courts look to the Restatement (Second) of Conflict of Laws of Laws for guidance." Gemstar Ltd. v. Ernst & Young, 185 Ariz. 493, 500, 917 P.2d 222, 229 (1996). French law determined the parties' liability and measure of recovery. As a result, French law also determines whether plaintiff can recover interest, and at what rate. See Restatement (Second) Conflict of Laws §§ 187, 207 cmt. e (1971). Plaintiff's motion, which requests interest calculated according to Arizona law, is therefore denied.[1] If French law allows for pre-judgment interest, we shall allow it.

Plaintiff next contends that the French judgment should be converted to American dollars. Motion for Entry of Judgment at 2. Plaintiff also argues that we should adopt the June 5, 2007 conversion rate, as opposed to the conversion rate in place on the date of the

---

[1] This is a fair result. See Soc'y of Lloyd's v. Anderson, 2004 U.S. Dist. LEXIS 10335, at *3-4 (D. Tex. July 1, 2004) (explaining that when a court enforces a foreign judgment, the foreign state's interest laws and rates should apply because "a contrary ruling would only partially enforce the [foreign] judgment, thus undermining [the] court's determination that the judgment is entitled to comity"); Patch v. Stanley Works, 448 F.2d 483, 494 n.18 (2d Cir. 1971) (stating that under principles of New York conflicts law, pre-judgment interest is controlled by the rule of the jurisdiction whose law determines liability) (citing, among others, Restatement (Second) Conflict of Laws §§ 145, 171 (1971)).

1 French judgment. Id. Defendant does not dispute the fact that plaintiff's judgment should
2 be converted to dollars. However, defendant argues that "the appropriate measure of
3 damages is the equivalent of such foreign currency in terms of dollars at the rate of exchange
4 as of the date they were sustained." Response at 2.

5 "[A] federal court sitting in diversity must apply the currency conversion rule
6 employed by the courts of the state in which the action was brought." Newmont Mines v.
7 Hanover Insurance Co., 784 F.2d 127, 138 (2d Cir. 1986). Newmont Mines was brought in
8 New York; therefore, the court followed New York's breach-day rule. Id. Plaintiff assumes
9 that Arizona follows the Restatement of Foreign Relations Laws to determine what
10 conversion rate should be applied. Reply at 2. We know of no Arizona decision applying
11 the restatement in this context. However, at least one commentator has suggested that
12 "Arizona courts . . . would, in all likelihood, apply the Restatement [of Foreign Relations
13 Law] 'Creditor's Choice Rule.' " James O. Ehinger, *Enforcement of Foreign Country*
14 *Judgments in Arizona*, 33 AZ Attorney 20, 25 (1997). We agree.

15 The Creditor's Choice Rule provides that the conversion rate chosen should make the
16 creditor whole, and not reward the debtor if he has delayed in carrying out his obligation.
17 Restatement of Foreign Relations Law § 823 cmt. d. The rule also states that if foreign
18 currency has depreciated since the date of injury or breach, judgment should be given at the
19 rate of exchange applicable on the date of injury or breach; if foreign currency has
20 appreciated, judgment should be given at the rate of exchange applicable on the date of
21 judgment. § 823 cmt. c. Both parties agree that the Euro has appreciated since the date of
22 the underlying French judgment. Reply at 2; Response at 2.[2]

23 Nevertheless, we decline to use the conversion rate in effect at the date judgment
24 enters in this case, because it would give plaintiff an unwarranted windfall. Under the
25 Restatement of Foreign Relations Laws, § 823 cmt. d, "judgment in dollars should be given

---

[2] The parties briefs' assume that the date of breach is the date the French judgment entered, and that the date of judgment is the date judgment enters here.

on the basis of conversion at whichever date would serve the ends of justice in the circumstances." See also id. at cmt. c (explaining that neither party should receive a windfall as a result of the chosen conversion date). By choosing the September 6, 2005 conversion rate, we do not penalize plaintiff. If French law allows for interest, plaintiff will recover interest. This outcome is just.

Therefore, plaintiff's judgment is to be converted into U.S. dollars at the rate in effect on September 6, 2005. To determine the appropriate exchange rate, plaintiff should consult any of the authorities recommended by Restatement of Foreign Relations Laws § 823 Reporters' Note 5. The website plaintiff uses is not sufficiently authoritative.

We conclude that we are presented with insufficient information to enter judgment. By no later than August 24, 2007, plaintiff must lodge a new proposed form of judgment accompanied by a supplemental brief explaining (1) whether interest on the French judgment is available pursuant to French law; (2) if interest is available, at what rate it accrues; (3) the appropriate rate of conversion on September 6, 2005; and (4) whether one or multiple trademarks are in issue.

**THEREFORE, IT IS ORDERED DENYING** plaintiff's motion for entry of judgment (doc. 48), without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request for attorneys' fees shall abide the outcome of any motion filed under LRCiv 54.2, after entry of judgment.

DATED this 20th day of August, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge