**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| S.A.R.L. Aquatonic Laboratoires PBE, | No. CV-06-0640-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Marie Katelle, Inc., | |
| Defendant. | |

The court has before it plaintiff's motion for award of attorney fees (doc. 63), defendant's response (doc. 65), and plaintiff's reply (doc. 66).

**I**

Plaintiff, a French corporation, entered into a distribution contract with defendant, an Arizona corporation, in September 1999. A dispute arose, and in March 2003, the Business Court of Evreux, France, ordered defendant to transfer a United States trademark to plaintiff and ordered that failure to comply would result in fines of 1,000 Euros per day. In September 2005, the Court of First Instance of Evreux ordered defendant to pay 416,000 Euros in late penalties. Plaintiff then brought an action in this court to enforce the French judgments. On June 1, 2007, we granted plaintiff's motion for summary judgment, and final judgment for plaintiff was entered on September 20, 2007. Plaintiff now moves for an award of attorney fees pursuant to A.R.S. § 12-341.01(a) and French law.

**II**

We do not resolve this issue under French law. The French judgment was a *fait accompli* when it reached us. Though French law was relevant to the judgment's finality and the amount of interest, our enforcement of the judgment was a matter of Arizona law. Arizona law must also guide the issue of attorney fees. See Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees."). Under A.R.S. § 12-341.01(a), a court may award attorney fees to the successful party in "any contested action arising out of a contract." Plaintiff contends that because the French judgment was based on a contract between the parties, the enforcement action in this court was one "arising out of a contract." Defendant contends that the fee-shifting statute does not apply on its face: The action in this court was not a contract action; it was one to enforce a foreign judgment.

We are thus presented with the question whether an action to enforce an earlier contract judgment is itself an action "arising out of a contract" under A.R.S. § 12-341.01(a). We find no Arizona case directly on point, and the parties themselves fail to provide any relevant authority.

The Arizona Supreme Court has interpreted the "arising out of" language broadly, extending the statute's application beyond actions that sound in contract. Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 543, 647 P.2d 1127, 1131 (1982). This expansive reading of the statute has permitted fee-shifting in non-contract claims that would not exist "but for" a contractual relationship. See id. (tort of bad faith); see also Marcus v. Fox, 150 Ariz. 333, 335, 723 P.2d 682, 684 (1986) (fraudulent inducement). Here, the contractual relationship was indispensable to plaintiff's underlying judgment. On the other hand, the parties' contractual relationship was essentially irrelevant to the enforcement action, which did not turn on the merits of the underlying claim. Thus, we are not persuaded that the "but for" test calls for fee-shifting in this action.

In some settings, fee-shifting does extend to enforcement proceedings.  For example, in Nunez v. Interstate Corporate Systems, Inc., 165 Ariz. 410, 411, 799 P.2d 30, 31 (Ct. App. 1990), the court held that the mandatory award of attorney fees for a successful claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, 1692a–p, includes fees for a subsequent action to enforce the judgment.  However, fee-shifting in the enforcement action was premised on fee-shifting in the initial action.  Id.  Here, the French court did not award fees, which are apparently being sought for the first time at the enforcement stage.  And, while an award of fees under the FDCPA is mandatory, 15 U.S.C. § 1692k(a)(3), an award under A.R.S. § 12-341.01(a) is discretionary.

At bottom, this is an action to enforce a judgment, not a contract.  This action is not dependent on the nature of the underlying claim.  The Revised Uniform Enforcement of Foreign Judgments Act, A.R.S. § 12-1071 to -08, provides the procedural mechanism for the enforcement of judgments from other states, and it has no fee-shifting provision.  For international judgments, Arizona follows the Restatement (Third) of the Foreign Relations Law of the United States (1987), see Alberta Sec. Comm'n v. Ryckman, 200 Ariz. 540, 30 P.2d 121 (Ct. App. 2001), and it too has no provision for fee-shifting in enforcement actions. Moreover, the six factors identified in Associated Indemnity Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985), as guides to the court's exercise of discretion under the fee-shifting provision fit less well with the enforcement of a judgment than the adjudication of the underlying claim.  We thus conclude on balance that an action to enforce a foreign judgment is not within the scope of A.R.S. § 12-341.01(a).

### III

Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for award of attorney fees (doc. 63).

DATED this 6th day of December, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge