**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| S.A.R.L. Aquatonic Laboratories PBE, a French corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>Marie Katelle, Inc., an Arizona corporation,<br><br>           Defendant. | No. CV-06-0640-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's supplement to petition for order to show cause regarding contempt (doc. 82) and defendant's response (doc. 84). We also have before us Joel A. Gildar's motion to withdraw as counsel for defendant (doc. 80), plaintiff's response (doc. 81), and Mr. Gildar's reply (doc. 83).

On February 13, 2008, plaintiff sought an order compelling defendant to attend a hearing to show cause why it should not be held in contempt for failing to comply with a subpoena duces tecum and notice of deposition. Plaintiff's Petition at 1. The order was granted and a hearing was held on June 27, 2008. Minute Entry (doc. 79). At the hearing, we found the defendant in contempt under rule 45(e) and granted leave for the plaintiff to seek supplemental relief for the defendant's contempt. We also denied Mr. Gildar's oral motion to withdraw as counsel. Plaintiff now requests that we hold Jean-

1 Carlo Sitzia Le Blond, president and CEO of Marie Katelle, Inc., in contempt, and Mr.
2 Gildar again moves to withdraw.

3 Plaintiff claims that Mr. Le Blond may be held in contempt for the defendant's
4 failure to comply with the court's order because he had knowledge of the order and aided
5 or abetted defendant's contempt. See U.S. v. Laurins, 857 F.2d 529, 535 (9th Cir. 1988);
6 N.L.R.B. v. Trans Ocean Export Packing, Inc., 473 F.2d 612, 618 (9th Cir. 1973). Before
7 we may hold Mr. Le Blond in contempt, however, we must have personal jurisdiction
8 over him. In re Estate of Ferdinand Marcos Human Rights Litigation, 94 F.3d 539, 545
9 (9th Cir. 1996) ("'[W]hen it is sought to charge a person with contempt who was not a
10 party to the original action and thus not already within the jurisdiction of the court, that
11 party must be served with process as in any other civil action.'") (citation omitted).
12 Because Mr. Le Blond is not a party to this action, holding him in contempt is not proper
13 at this time.

14 The remaining issue is Mr. Gildar's motion to withdraw as counsel for the
15 defendant. Because a corporation may appear only through a licensed attorney, Mr. Gidar
16 is in the unenviable position of continuing as counsel for a non-responsive client through
17 post-judgment proceedings. We will grant Mr. Gildar's motion to withdraw and order
18 that all further papers be served on defendant's statutory agent.

19 We also refer defendant's continued contempt to the Arizona Attorney General.
20 The Attorney General is authorized to bring a petition in state court for the dissolution of
21 a corporation where the corporation "continue[s] to exceed or abuse the authority
22 conferred on it by law." A.R.S. § 10-1430(A)(1). It is our view that defendant has
23 continued to abuse the privilege of corporate status by failing to comply with the court's
24 order.

25 Accordingly, **IT IS HEREBY ORDERED DENYING** plaintiff's supplement to
26 petition for order to show cause (doc. 82). This is without prejudice to plaintiff's right to
27 properly serve Mr. Le Blond and initiate contempt proceedings against him.
28

1     **IT IS FURTHER ORDERED GRANTING** Mr. Gildar's motion to withdraw as counsel for defendant Marie Katelle, Inc. (doc. 80). All further notice to the defendant shall be to its statutory agent at: CT Corporation System, 2394 East Camelback Road, Phoenix, AZ 85016.

    DATED this 7th day of October, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

cc: Office of the Attorney General
    Civil Section